```
              UNITED STATES DISTRICT COURT
                       FOR THE
                 DISTRICT OF VERMONT
```

Mark B. Mumley,                  :
       Plaintiff,                :
                                 :
   v.                            :    File No. 1:06-CV-137
                                 :
Robert Hofmann, Stuart           :
Gladding, Tim Simoneau,          :
Todd Blanchard, Vermont          :
Department of Corrections        :
Employees, Cognitive Self        :
Change Facilitators,             :
       Defendants.               :

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 6, 9 and 18)

Plaintiff Mark Mumley, proceeding *pro se*, brings this action challenging his classification as a violent offender and his subsequent suspension from the Cognitive Self-Change program ("CSC"). He brings his claims under, *inter alia*, 42 U.S.C. § 1983. Currently pending before the Court are (1) Mumley's motion to proceed without pursuing the Department of Corrections' ("DOC") grievance procedure, (2) his motion for an injunction to prevent DOC from retaliating against him, and (3) his motion to amend the complaint to add a retaliation claim.[1] For the reasons set forth below, Mumley's motion to proceed

---

[1] Other motions are also pending before the Court, but the defendants' responses to those motions are not yet due.

without exhausting the grievance process is DENIED, his motion to amend is GRANTED, and I recommend that the Court DENY his motion for injunctive relief.

## Factual Background

Mumley claims that he was re-classified from "community FSU status to a violent offenders program CSC" after he sent a letter to an ex-girlfriend that was deemed to be threatening in nature.  Once Mumley was in the CSC program, prison facilitators allegedly caused him to fail on multiple occasions.  These failures had the potential for extending his time in jail, and reportedly resulted in his being "put up for out of state transfer!" (Paper 4 at 1, 3).

Mumley further claims that his suspension from the CSC program is due, in part, to his perceived behavior and negative attitude.  He attributes these behaviors to his poor mental health, and claims that the disciplinary actions taken against him constitute acts of discrimination based upon his disability.

The final claim in Mumley's complaint is that CSC facilitators are poorly trained, and that the program is not well run.  For relief, he asks the Court to order

that the CSC program be conducted by trained counselors rather than prison guards, and that violent and non-violent offenders be housed separately. He also seeks monetary damages and an injunction requiring (1) that he be placed back in the community and (2) that the DOC be barred from transferring him out of state.

I.  Motion to Proceed Without Exhausting Remedies

Mumley has filed a motion for leave to proceed in this case without exhausting the prison grievance process. (Paper 6). The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under Section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is "no longer left to the discretion of the district court, but is mandatory." Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006).

Mumley claims that his efforts at exhaustion have been frustrated by DOC personnel. The defendants have not moved for dismissal on grounds of lack of exhaustion. If and when the defendants move to dismiss on this basis, the law of this circuit allows the Court to consider

3

whether the exhaustion requirement should be excused. See Pease v. Hartford Life Accident Ins. Co., 449 F.3d 435, 445 (2d Cir. 2006) (listing factors to be considered when determining whether an inmate has exhausted his administrative remedies); see also Ruggiero v. County of Orange, 467 F.3d 170, 176 (2d Cir. 2006) (declining to determine what effect Woodford has on Second Circuit case law under the PLRA).  Until the issue has been raised by the defendants, however, the Court need not address it. The motion is, therefore, DENIED, and Mumley may reassert his arguments if the defendants raise lack of exhaustion as a defense.

II.  Motion for Injunction To Stop Retaliation

Shortly after filing his complaint, Mumley filed a motion claiming that DOC personnel had retaliated against him "for filing legal action, and exercising his due process rights."  (Paper 9 at 1).  Although he reports various forms of mistreatment, his primary retaliation claim appears to be related to his suspension from the CSC program.  Id.  For relief, Mumley seeks an injunction against any further retaliation, and a Court order barring the DOC from transferring him out of state.

Mumley also repeats the claims set forth in his complaint with regard to the management and effectiveness of the CSC program.  He claims that the CSC program is forced upon inmates, that they are threatened with extra prison time if they do not participate, and that the program is a form of brainwashing.  In his prayer for relief, Mumley requests release to "the Dismiss house" and an investigation into the CSC program.

"[A] preliminary injunction is an extraordinary remedy that should not be granted as a routine matter." JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75, 80 (2d Cir. 1990).  In order to obtain a preliminary injunction, a plaintiff must show: (1) irreparable harm, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the claim as to make it fair ground for litigation, and a balance of hardships tipping decidedly in its favor. MONY Group, Inc. v. Highfields Capital Mgmt., L.P., 368 F.3d 138, 143 (2d Cir. 2004).  The burden is heightened when the plaintiff is asking for a mandatory injunction compelling someone to take action.  In such a case, the plaintiff must make a "clear showing" that he is entitled

to relief.  Phillip v. Fairfield Univ., 118 F.3d 131, 133 (2d Cir. 1997).  Moreover, if the plaintiff is a prisoner, the PLRA limits the relief available to remedies that are "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2).

In this case, Mumley has not met his burden for obtaining a preliminary injunction.  He appears to claim that his CSC suspension was related to this legal action.  According to the statement of facts in his complaint, however, the CSC suspension pre-dated the filing of his complaint.  Moreover, Mumley has not shown irreparable harm as a result of his suspension from the CSC program.[2]

With respect to Mumley's claims about the CSC program generally, his factual allegations have yet to be substantiated.  Without further evidence, it is difficult for the Court to weigh either the merits or the balance of hardships in favor of Mumley's claims.  Furthermore, as discussed above, it is not clear that this case will

---

[2] The Court also notes that prisoner claims of retaliation are "'prone to abuse' since prisoners can claim retaliation for every decision they dislike," and courts review such claims with particular care and skepticism.  Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (quoting Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983)).

proceed beyond a motion to dismiss, as it appears that Mumley has either failed or declined to exhaust his administrative remedies. For these reasons, I recommend that his motion for a preliminary injunction (Paper 9) be DENIED.

III. Motion to Amend and for Relief from Retaliation

Mumley has also filed a motion to amend his complaint to add claims of retaliation against three correctional officers. In addition to his request for leave to amend, Mumley again seeks injunctive relief, this time in the form of an intrastate prison transfer and the dismissal of various disciplinary violations.

A motion to amend "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a). Leave will be denied when an amendment is offered in bad faith, would cause undue delay or prejudice, or would be futile. See Foman v. Davis, 371 U.S. 178, 182, (1962); see also Jones v. New York State Div. of Military and Naval Affairs, 166 F.3d 45, 50 (2d Cir. 1999) (district court may properly deny leave when amendment would be futile). The defendants have opposed Mumley's motion to amend, arguing that the motion does not attach a redlined

7

version of the proposed amendment as required by Local Rule 15.1.  In light of Mumley's *pro se* prisoner status, the Court will grant him leave, as allowed under Rule 15.1, to file his amendment without submitting a redlined version.  Indeed, redlining in this case would serve minimal purpose, since Mumley is simply adding a retaliation claim and not deleting any prior claims.  In the future, if Mumley seeks to amend his complaint, he should file a motion for leave to amend along with a document entitled "Amended Complaint" in which he sets forth all claims that he wishes to pursue.

Mumley's motion to amend claims that the three correctional officers harassed him and caused him to behave in a manner that resulted in prison discipline.  The defendants have not responded to substantive claims and, specifically, have not argued bad faith, undue delay or futility.  In light of the liberal standard set forth in Rule 15, and in the absence of a substantive objection from the defendants, the motion to amend to add Officers Grover, Corrieveau and Portier (Paper 21) is GRANTED.

To the extent that Mumley is seeking injunctive relief in the motion to amend, I again recommend that his

request be DENIED. Mumley claims that because of the alleged harassment by the DOC officers, he is being placed in segregated confinement. He does not, however, allege that he will suffer irreparable harm as a result of this disciplinary action. See, e.g., Inabinett v. Lantz, 2006 WL 2583072, at *2 (D. Conn. Aug. 30, 2006). Consequently, Mumley has not satisfied the requirements for obtaining preliminary injunctive relief. MONY Group, Inc., 368 F.3d at 143.

## Conclusion

For the reasons set forth above, Mumley's motion to proceed without exhausting the grievance process (Paper 6) is DENIED, and his motion to amend the complaint to add retaliations claims (Paper 18) is GRANTED. With respect to Mumley's motion for injunctive relief (Paper 9), and to the extent that his motion to amend (Paper 18) contains a request for injunctive relief, I recommend that these motions be DENIED.

Dated at Burlington, in the District of Vermont, this 6th day of February, 2007.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).