```
                   UNITED STATES DISTRICT COURT
                            FOR THE
                      DISTRICT OF VERMONT

Mark B. Mumley,                    :
        Plaintiff,                 :
                                   :
     v.                            :    File No. 1:06-CV-137
                                   :
Robert Hofmann, Stuart             :
Gladding, Tim Simoneau,            :
Todd Blanchard, Vermont            :
Department of Corrections          :
Employees, Cognitive Self          :
Change Facilitators,               :
        Defendants.                :
```

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### (Papers 19, 20, 27, 28, 29, 39 and 43)

Plaintiff Mark Mumley, proceeding *pro se*, brings this action challenging his classification as a violent offender and his subsequent suspension from the Cognitive Self-Change program ("CSC"). He brings his claims under, *inter alia*, 42 U.S.C. § 1983. Currently pending before the Court are Mumley's motions for summary judgment and to amend his complaint. The defendants have opposed the motions, and have moved the Court for a discovery order. For the reasons set forth below, I recommend that Mumley's motions for summary judgment (Papers 19 and 27) be DENIED. Mumley's motions to amend (Papers 20 and 28) and the defendants' motion for a discovery order (Paper 29) are GRANTED.

Factual Background

The facts of this case were summarized in the Court's prior Report and Recommendation (Paper 33), and are largely repeated here.  Mumley claims that he was re-classified from "community FSU status to a violent offenders program CSC" after he sent a letter to an ex-girlfriend that was deemed to be threatening in nature. Once Mumley was in the CSC program, prison facilitators allegedly caused him to fail on multiple occasions. These failures had the potential for extending his time in jail, and reportedly resulted in his being "put up for out of state transfer!"  (Paper 4 at 1, 3).

Mumley further claims that his suspension from the CSC program is due, in part, to his perceived behavior and negative attitude.  He attributes these behaviors to his poor mental health, and claims that the disciplinary actions taken against him constitute acts of discrimination based upon his disability.

The final claim in Mumley's complaint is that CSC facilitators are poorly trained, and that the program is not well run.  For relief, he asks the Court to order that the CSC program be conducted by trained counselors

2

rather than prison guards, and that violent and non-violent offenders be housed separately.  He also seeks monetary damages and an injunction requiring (1) that he be placed back in the community and (2) that the DOC be barred from transferring him out of state.

## Discussion

### I.  Summary Judgment Motions

Mumley has filed two nearly identical summary judgment motions (Papers 19 and 27) in which he argues that the defendants are "just plain guilty of the acts they have done to plaintiff."  Significant portions of his filings focus on the affirmative defenses asserted by the defendants, including failure to exhaust administrative remedies and sovereign immunity.  In opposing Mumley's motions, the defendants contend that Mumley has failed to exhaust the prison grievance procedure, and that claims for injunctive relief with respect to Mumley's place of confinement are meritless.  The defendants also contend that Mumley's motions must be denied for failure to provide a statement of undisputed material facts as required by Local Rule 7.1(c)(1).

A moving party is entitled to summary judgment if

"the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Holt v. KMI-Continental Inc., 95 F.3d 123, 128 (2d Cir. 1996).  The moving party bears the burden of demonstrating that no genuine issue of material fact exists.  See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Gallo v. Prudential Residential Serv. L.P., 22 F.3d 1219, 1223-24 (2d Cir. 1994).  "[T]he movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim."  Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995).

   In this case, Mumley has not established the facts he needs in order to obtain summary judgment.  While such facts may exist, they have not been presented in a form such that the Court can deem them "undisputed."  Initially, Mumley offered a statement of facts that was unsworn and largely conclusory.  (Paper 19-1 at 13).

Currently pending before the Court is a motion to add a supplemental statement of facts (Paper 43), in which Mumley summarizes his claims and refers the Court to his sworn complaint.  While the motion is GRANTED, this statement, too, is largely conclusory and argumentative.  Consequently, the defendants have not yet been presented with a statement of undisputed facts as contemplated by the Local Rules.

 Furthermore, summary judgment is generally not granted against a party until that party has been given an opportunity to conduct discovery.  See Hellstrom v. United States Dep't of Veteran Affairs, 201 F.3d 94, 97 (2d Cir. 2000).  Here, the docket reflects that discovery is in the earliest stages, with interrogatories having been recently exchanged.  Until the defendants have had an opportunity to develop a factual record in defense of Mumley's claims, summary judgment is premature.  I therefore recommend that Mumley's motions for summary judgment be DENIED without prejudice.[1]

---

[1]  This is not to say that summary judgment is never appropriate at this stage in the case.  For example, the parties appear to dispute the question of administrative exhaustion.  Assuming that all relevant documents and supporting affidavits are properly submitted, courts may consider exhaustion issues at the outset of a case.  See, e.g., McCoy v. Goord, 255 F. Supp. 2d 233, 248-51 (S.D.N.Y. 2003).

5

II.  <u>Motions to Amend Complaint</u>

Also pending before the Court are two motions to amend the complaint.  The first (Paper 20) sets forth claims of retaliation that were allowed by the Court in a previous motion to amend (Paper 18).  Paper 20 is, therefore, GRANTED, and the Clerk's Office shall add Chris Corriveau and Correctional Officer Glover as defendants.

The second motion to amend (Paper 28) claims that Mumley was denied parole after having been given insufficient prior notice of the hearing.  Mumley also claims that certain defendants, including Todd Blanchard and Chris Corriveau[2], conspired with the parole board to deny him parole.  In response, the defendants argue that Mumley's propose amendments are futile.  Specifically, they contend that Mumley's claims of inadequate notice fail to identify specific defendants, and that he was not engaged in constitutionally protected conduct at the time of his parole hearing.

In some circumstances, a prisoner may have an interest in parole that is protected by the Due Process

---

[2]  Referenced in the motion as "Chris Courville."

6

Clause.  See Barna v. Travis, 239 F.3d 169, 170 (2d Cir. 2001).  Additionally, it is conceivable that a conspiracy to deny parole could violate that prisoner's rights.  Therefore, the substance of Mumley's proposed amendments are not clearly frivolous.  To the extent that the inadequate notice claim fails to name the specific responsible parties, this alleged deficiency may be addressed by the defendants in a dispositive motion.  Mumley's motion to amend (Paper 28) is GRANTED.

III.  Motion for Discovery Order

The defendants inform the Court that the parties have been unable to agree on a discovery schedule.  Because a discovery schedule is necessary, the defendants' motion for a discovery order (Paper 29) is GRANTED.  The parties shall proceed as follows:

(1) All interrogatories and requests for production shall be served on or before April 1, 2007.

(2) Depositions of all non-expert witnesses shall be completed by April 30, 2007.

(3) Plaintiff shall submit expert reports, if any, on or before April 15, 2007.  Depositions of plaintiff's expert shall be completed by May 15, 2007.

(4) Defendants shall submit expert reports, if any, on or before May 31, 2007.  Depositions of defendants' expert witnesses shall be completed by June 30, 2007.

(5) Early Neutral Evaluation is not required in this case.

(6) The parties shall serve all requests for admission on or before May 31, 2007.

(7) All discovery shall be completed by June 30, 2007.

(8) Motions, including summary judgment motions but excluding motions relating to the conduct of the trial, shall be filed on or before August 15, 2007.

(9) This case shall be ready for trial by October 15, 2007.

## Conclusion

For the reasons set forth above, I recommend that Mumley's motions for summary judgment (Papers 19 and 27) be DENIED.  Mumley's motions to amend the complaint (Papers 20 and 28) are GRANTED.  The defendants' motion for a discovery order (Paper 29) is GRANTED, and discovery shall proceed as set forth above.  Finally, Mumley's motions to participate in hearings (Paper 39)

is DENIED, and his motion to add a clear and concise statement to his summary judgment filing (Paper 43) is GRANTED.

Dated at Burlington, in the District of Vermont, this 22nd day of March, 2007.

/S/ Jerome J. Niedermeier

Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).