UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Mark B. Mumley,                    :
       Plaintiff,               :
                       :
      v.                           :      File No. 1:06-CV-137
                       :
Robert Hofmann, Stuart             :
Gladding, Tim Simoneau,            :
Todd Blanchard, Vermont            :
Department of Corrections          :
Employees, Cognitive Self          :
Change Facilitators,               :
Christian Corriveau, and           :
Clint Glover,                      :
           Defendants.              :



<u>MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATION</u>
(Papers 92 and 115)

Plaintiff Mark Mumley, proceeding *pro se*, brings this action challenging his classification as a violent offender and his subsequent suspension from the Cognitive Self-Change program ("CSC"). He also alleges that he was discriminated against when he was denied eligibility for a work camp. He brings his claims under, *inter alia*, 42 U.S.C. § 1983 and the Americans with Disabilities Act.

Currently pending before the Court are Mumley's motion for summary judgment (Paper 92) and the defendants' motion to dismiss on the basis of Mumley's failure to comply with a recent discovery order (Paper 115). For the reasons set forth below, I recommend that

the motion to dismiss be DENIED, but that Mumley's motion for summary judgment be STRICKEN as a sanction imposed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii).

### Factual Background

Mumley claims that he was re-classified from "community FSU status to a violent offenders program CSC" after he sent a letter to an ex-girlfriend that was deemed to be threatening in nature.  Once Mumley was in the CSC program, prison facilitators allegedly caused him to fail on multiple occasions.  Mumley also claims that he was disciplined for behavior that results from poor mental health, and that it is unlawful to take action against him based upon his mental health disability.

The final claim in Mumley's complaint is that CSC facilitators are poorly trained, and that the program is not well run.  For relief, he asks the Court to order that the CSC program be conducted by trained counselors rather than prison guards, and that violent and non-violent offenders be housed separately.  He also seeks monetary damages and an injunction requiring (1) that he be placed back in the community and (2) that the DOC be barred from transferring him out of state.

2

## Procedural Background

On March 30, 2007, the defendants served Mumley with discovery requests.  Without responding to those requests, Mumley filed a motion for summary judgment. His motion has been pending since January 15, 2008.  On February 14, 2008, the Court granted the defendants an extension of time to May 1, 2008 to respond to the summary judgment motion.

On April 21, 2008, the defendants moved to compel Mumley's discovery responses and, in the alternative, for dismissal of the case.  The Court granted the motion to compel, denied the motion to dismiss, and required Mumley to respond to defendants' requests by June 4, 2008.

On June 18, 2008, the defendants again moved to dismiss, this time on the basis of Mumley's failure to comply with the Court's order.  The defendants claim that without Mumley's discovery responses they "have been prejudiced in their ability to present their defense and respond to Mumley's motion for summary judgment filed on January 15, 2008." (Paper 115 at 2).

## Discussion

The defendants submit their motion to dismiss

3

pursuant to Fed. R. Civ. P. 37, which sets forth a range of potential sanctions for a party who fails to comply with a discovery order.  Rule 37 sanctions are intended to (1) "ensure that a party will not benefit from its own failure to comply," (2) serve as a "specific deterrent[ ] . . ." and "obtain compliance with a particular order issued," and (3) "serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault."  Update Art, Inc., v. Moddin Publishing, Ltd., 843 F.2d 67, 71 (2d Cir. 1988) (citing National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 (1976) (per curiam); Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979)).  District courts have "wide discretion in imposing [Rule 37] sanctions," but the sanction must be "just" and "relate to the particular claim to which the discovery order was addressed."  Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1365-1366 (2d Cir. 1991) (internal citations omitted).  The most severe sanctions should not be imposed unless the failure to comply with a discovery order "'is due to willfulness,

4

bad faith, fault or gross negligence, rather than inability to comply or mere oversight.'" <u>Handwerker v. AT & T Corp.</u>, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (quoting <u>Hochberg v. Howlett</u>, 1994 WL 174337, at *3 (S.D.N.Y. May 3, 1994)); <u>see also</u> <u>Salahuddin v. Harris</u>, 782 F.2d 1127, 1132 (2d Cir. 1986); <u>Luft v. Crown Publishers, Inc.</u>, 906 F.2d 862, 865 (2d Cir. 1990).

In selecting the appropriate sanction, courts consider a variety of factors, including: "(1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the prejudice to the other party; (4) the duration of the period of noncompliance; and (5) whether the non-compliant party had been warned of the consequences of his noncompliance." <u>Richardson v. New York City Health and Hospitals Corp.</u>, 2007 WL 2597639, at *6 (S.D.N.Y. Aug. 31, 2007) (citing <u>Handwerker</u>, 211 F.R.D. at 208). No particular factor is dispositive, and "sanctions must be weighed in light of the full record in the case." <u>Cine Forty-Second St. Theatre Corp.</u>, 602 F.2d at 1068 (citing <u>National Hockey League</u>, 427 U.S. at 642).

In this case, it is not clear whether Mumley's

defiance of the Court's order was willful.  The docket
reflects that he has changed addresses recently and that
at least two mailings have been returned undelivered.
Although the last mailing from the Court, sent on June
13, 2008, was not returned, Mumley's delayed receipt of
the Court's order may explain his current non-compliance.
Nonetheless, the fact remains that the defendants'
discovery requests have been outstanding for well over
one year.  This is unacceptable, and the Court is now
forced to take action in the spirit of Rule 37.

    The defendants ask for dismissal of the case.  As to
prejudice, the defendants cite their inability to respond
to the summary judgment motion.  If the Court were to
strike that motion, the defendants would no longer suffer
this prejudice.  I therefore recommend that, rather than
dismissal, the Court sanction Mumley by striking his
summary judgment motion pursuant to Rule
37(b)(2)(A)(iii).  See Fed. R. Civ. P. 32(b)(2)(A)(iii)
(providing that sanctions for not obeying a discovery
order may include "striking pleadings in whole or in
part").

    It is hereby ORDERED that Mumley must respond to the

6

defendants' outstanding discovery requests by August 22, 2008.  If he fails to comply with this deadline, the Court will impose severe sanctions, most likely including dismissal of his case.  The deadline for dispositive motions is hereby extended to September 30, 2008, and this case shall be ready for trial by November 14, 2008.

### Conclusion

For the reasons set forth above, I recommend that the defendants' motion to dismiss (Paper 115) be DENIED. However, as a sanction for failing to comply with this Court's prior order compelling discovery responses, I recommend that Mumley's motion for summary judgment (Paper 92) be STRICKEN.  All deadlines shall be re-set as ORDERED above.

Dated at Burlington, in the District of Vermont, this 31st day of July, 2008.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and

7

the basis for such objections.  Failure to file
objections within the specified time waives the right to
appeal the District Court's order.  See Local Rules 72.1,
72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b),
6(a) and 6(e).